IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL RAY TURNER,<br><br>    Defendant. | No. 24-CR-3023-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

Defendant Michael Ray Turner, proceeding pro se, has filed two motions to dismiss, both raising the same arguments. Docs. 25, 46. The Government resists. Doc. 53. I recommend **denying** the motions.

The indictment in this case charges Turner with one count of possession of a firearm by a prohibited person. Doc. 3. It alleges that Turner possessed a firearm "knowing that he had been previously . . . convicted of crimes punishable by imprisonment for a term exceeding one year, and knowing that he was then an unlawful user of a controlled substance," in violation of 18 U.S.C. § 922(g)(1) and (g)(3). *Id.*

Turner moves to dismiss "one 922(g) on the ground of duplicity," relying on *United States v. Richardson*.[1] Doc. 46. In that case, the Eighth Circuit held that when "[t]he government charged [the defendant] in two separate counts, that is, one count of being a felon in possession of a firearm on February 4, 2003, and a separate count of being a drug user in possession of a firearm on the same date," the counts were

---

[1] 439 F.3d 421 (8th Cir. 2006) (per curiam).

multiplicitous.[2] The court held "Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one §922(g) classification."[3]

Here, unlike in *Richardson*, Turner is not charged with two separate counts. Rather, he is charged with multiple ways he may have committed one count. This court has recognized this is the proper procedure in cases involving multiple subsections of § 922(g).[4]

> "'Duplicity' is the joining in a single count of two or more distinct and separate offenses." The risk behind a duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular offense. Duplicity concerns are not present, however, when the underlying statute is one which merely enumerates one or more ways of committing a single offense. In that case, all of the different ways of committing that same offense may be alleged in the conjunctive in one count, and proof of any one of the enumerated methods will sustain a conviction.[5]

I recommend **denying** the motions to dismiss (Docs. 25, 46).

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[6] Failure to object to the Report and Recommendation waives the right to *de*

---

[2] *Id.* at 422.

[3] *Id.*

[4] *United States v. Hayes*, No. CR14-4082-LTS, 2017 WL 1955334, at *3 (N.D. Iowa May 11, 2017) (citing *Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973)).

[5] *United States v. Moore*, 184 F.3d 790, 793 (8th Cir. 1999) (quoting *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995)).

[6] **Fed. R. Civ. P. 72**.

*novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[7]

**ENTERED** on October 28, 2024.

*[signature]*
Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[7] *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).