# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR24-3023-LTS-KEM |
| vs. | **ORDER** |
| MICHAEL RAY TURNER, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney in which she recommends that I deny defendant Michael Turner's pro se motions (Docs. 25, 46) to dismiss. Doc. 58. Turner, appearing pro se, has timely filed objections (Doc. 78).

## II. BACKGROUND

Turner is charged with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(8). He argues the charge should be dismissed based on duplicity. Judge Mahoney issued her R&R (Doc. 58) on October 28, 2024, and recommends denying the motions.

## III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may

> accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### IV. ANALYSIS

Judge Mahoney noted that both of Turner's motions are based on duplicity. He relies on *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006), to argue that the count against him is duplicitous. Judge Mahoney explained that unlike the defendant in *Richardson*, Turner is not charged with separate counts of being a felon in possession of a firearm and being a drug user in possession of a firearm on the same date. Doc. 58 at 1-2. Rather, he is charged with multiple ways in which he may have committed one

offense, which is the proper procedure when multiple subsections of § 922(g) are involved. *See United States v. Hayes*, No. CR14-4082-LTS, 2017 WL 1955334, at *3 (N.D. Iowa May 11, 2017) (citing *Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973)). As such, Judge Mahoney recommends denying Turner's motions.

In his objections, Turner cites Federal Rule of Criminal Procedure 12(b)(3)(B)(i)[1] and argues that neither of the "charges" are factual. Doc. 78 at 1-2. He argues the Government must elect one or the other to prosecute. *Id*.

Section 922(g) makes it a crime for a person in one of nine classes to "possess in or affecting commerce, any firearm or ammunition." Turner is charged with being a person who fits two of those classes: having been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year under § 922(g)(1) and being an unlawful user of or addicted to any controlled substance under § 922(g)(3). The Eighth Circuit has stated "[d]uplicity concerns are not present . . . when the underlying statute is one which merely enumerates one or more ways of committing a single offense." *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018). The Eighth Circuit has recognized that § 922(g) is one such statute. *See United States v. Platter*, 514 F.3d 782, 786 (8th Cir. 2008) (concluding that a defendant convicted of a single violation of § 922(g) where the jury found him guilty under two theories of criminal liability was consistent with *Richardson* and that defendant "was in no way exposed to or convicted of multiplicitous counts").

There is no duplicity concern here. The Government has charged Turner with a single count of being a prohibited person in possession of a firearm. It alleges that he is prohibited from possessing a firearm as either a felon or as a user of a controlled substance. Whether the Government can prove Turner fits into either or both of those

---

[1] This rule provides that a challenge based on "a defect in the indictment or information including . . . joining two or more offenses in the same count (duplicity)" must be raised by a pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits.

categories is a matter for trial. There is no ground for dismissal based on how the indictment identifies the charge and the grounds for the charge. Turner's objections to the R&R will be overruled.

## V. CONCLUSION

For the reasons set forth herein:

1. Turner's objections (Doc. 78) to the Report and Recommendation (Doc. 58) are **overruled**.

2. I **accept** the Report and Recommendation (Doc. 58) without modification.

3. Pursuant to Judge Mahoney's recommendation, Turner's motions (Docs. 25, 46) to dismiss are **denied**.

**IT IS SO ORDERED** this 8th day of November, 2024.

_____
Leonard T. Strand
United States District Judge