# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL RAY TURNER,<br><br>    Defendant. | No. CR24-3023-LTS-KEM<br><br>**ORDER** |

## I. INTRODUCTION

This matter is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney in which she recommends that I deny defendant Michael Turner's pro se motion (Doc. 55) to dismiss. Doc. 64. Turner has not filed objections and the time for doing so has expired.

## II. BACKGROUND

Turner is charged with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(8). He argues the charge should be dismissed based on a lack of evidence directly tying him to the firearm. Judge Mahoney issued her R&R (Doc. 64) on October 31, 2024, and recommends denying the motion.

## III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo

> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### IV. ANALYSIS

Because neither party objected to the R&R, I have reviewed it for clear error. I agree with Judge Mahoney's analysis that the proper avenue for Turner to challenge the evidence is at trial, not through a motion to dismiss. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (Doc. 64) without modification**.**

3. Pursuant to Judge Mahoney's recommendation, Turner's motion (Doc. 55) to dismiss is **denied**.

**IT IS SO ORDERED** this 20th day of November, 2024.

_____
Leonard T. Strand
United States District Judge